IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BC TECHNICAL, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ENSIL INTERNATIONAL, a Canadian corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE AND MOTION TO EXCLUDE<br><br><br><br>Case No. 2:02-cv-700 TS |

Before the Court today are two pre-trial motions. Plaintiff BC Technical, Inc. ("Plaintiff") filed 1) a Motion in Limine to exclude expert testimony of Leo G. Henry,[1] and 2) a Motion to Exclude Evidence.[2] For the reasons discussed below, both motions will be denied.

I.     Motion in Limine

Rule 702 of the Federal Rules of Evidence and *Daubert*[3] require that this Court evaluate the reliability and relevance of expert testimony. The Court finds that Dr. Henry's expert testimony is both reliable and relevant. Dr. Henry's credentials are impressive and his evaluation

---

[1] Docket No. 187.

[2] Docket No. 197.

[3] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

1

of Mr. Abend's report is relevant to the damage that was inflicted to the circuit boards. Plaintiff may rigorously cross-examine Dr. Henry at trial to deal with any perceived weaknesses in his evaluation. Therefore, Plaintiff's Motion to Exclude Expert Testimony of Leo G. Henry is denied.

II.     Motion to Exclude

Plaintiff filed a Motion to Exclude Evidence. This motion addresses the timing of certain pretrial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure.

Rule 26(a)(3) governs pretrial disclosures and requires parties disclose a final list of i) witnesses that will be called and that may be called, ii) depositions that are expected to be presented, and iii) exhibits to be used at trial. Rule 26(a)(3)(B) requires that these disclosures be made at least 30 days before trial, unless the court orders otherwise.

Plaintiff argues that Defendant has been dilatory in offering its pretrial disclosures because there are less than 30 days remaining before trial and that Plaintiff's preparation for trial has suffered due to Defendant's failure to disclose this information. Defendant argues that the Court's Trial Order set out deadlines that supersede Rule 26(a)'s thirty day requirement, Plaintiff's failure to produce certain documents has delayed finalization of witness and exhibit lists, there are no surprises in the forthcoming lists and the exclusion of all Ensil's witnesses and exhibits at trial would be an abuse of discretion by the Court.

The Court does not agree with Defendant's position that the Trial Order supersedes the requirements of Rule 26(a). However, Plaintiff has not established that any prejudice has occurred that would justify the granting of this motion, which would result in Defendant being precluded from presenting any case at all. The Court expects parties to be fully prepared for the pretrial conference scheduled for January 10, 2008, with exhibit and witness lists. Should

disclosures made prior to that time result in Plaintiff suffering prejudice, and such prejudice is of consequence, Plaintiff is directed to file a motion in limine prior to the commencement of trial, seeking exclusion of the witness, exhibit or deposition.  Thus, Plaintiff's Motion to Exclude Evidence is denied.  It is therefore

    ORDERED that Plaintiff's Motion in Limine to Exclude Expert Testimony of Leo G. Henry (Docket No. 187) and Motion to Exclude Evidence (Docket No. 197) are DENIED.

    DATED   January 10, 2008.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge