Vincent C. Rampton (USB 2684)
J. Angus Edwards (USB 4563)
JONES WALDO HOLBROOK & MCDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| BC TECHNICAL, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENSIL INTERNATIONAL CORP., a New York corporation, and ENSIL CANADA LIMITED, a Canadian corporation,<br><br>Defendants. | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO EXCLUDE EXPERT REPORTS**<br><br>Civil No. 2:02CV 0700TS<br><br>Judge Ted Stewart<br>Magistrate Samuel Alba |

Plaintiff BC Technical, Inc., by counsel and pursuant to the Court's Trial Order in this action, submits the following Memorandum of Law in Opposition to Defendant Ensil International Corporation's Motion to Exclude Expert Reports in the above-entitled matter.

BC Technical opposed Ensil's motion on two grounds: (1) the proposed order goes only to BC Technical's expert reports, and not to Ensil's expert reports; and (2) the proposed order sweeps too broadly, by making reports inadmissible for any purpose.

First, if expert reports are to be inadmissible, the order should apply to all expert reports, regardless of which party is offering them. Ensil should not be at liberty to rely upon its own expert reports, while excluding BC Technical's expert reports. In the event Ensil refers to portions of BC Technical's expert reports, during cross-examination of the experts at trial, the reports are admissible under Fed. R. Evid. 106. *See Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) (two defense expert reports were admissible at trial under the "rule of completeness" in Rule 106, since plaintiff referred to portions of the reports during cross-examination of the experts).

The written reports of the experts, moreover, should not be excluded for all purposes. Certainly, experts present and testifying should address their own research and conclusions from the stand, so that the jury may hear these matters as part of live testimony. The reports need to be available to the parties, however, for purposes of cross-examination.

The expert witness reports which are the subject of Ensil's motion were exchanged pursuant Rule 26(a)(2), Fed. R. Civ. P. Thereunder, all reports must contain "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness informing the opinions; any exhibits to be used as a summary of or support for the opinions . . . ." To the extent that an expert testifies on the stand to matters beyond the scope of his or her report, the testimony is subject to being stricken; at the very least, the expert should be subject to cross-examination from his or her report to the extent that testimony on the stand varies therefrom. This issue is of particular concern where expert witness reports expressly reserve the right to supplement the conclusions contained therein, as

was the case with Ensil's retained expert Dr. Leo G. Henry (Dr. Henry has never supplemented his report).

Ensil's proposed order might also be interpreted to exclude charts, exhibits, summaries, etc. relied on the the experts. These are clearly necessary for effective testimony.

BC Technical is agreeable to an order providing that all experts shall state their conclusions from the stand, and that reports shall be admissible in evidence for the purpose of objections, cross-examination or impeachment, and that exhibits contained therein be admissible as part of the experts' testimony, also that exhibits contained therein be admissible.

DATED this 17th day of January, 2008.

JONES WALDO HOLBROOK & McDONOUGH PC

By /s/ Vincent C. Rampton
   Vincent C. Rampton
   J. Angus Edwards
   Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via CM/ECF electronic service on the following this 17th day of January, 2008:

   Michael R. Carlston
   Stanley J. Preston
   Maralyn M. Reger
   Snow, Christensen & Martineau
   10 Exchange Place, Suite 1100
   P.O. Box 45000
   Salt Lake City, UT 84145

   /s/ Vincent C. Rampton