IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BC TECHNICAL,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>ENSIL INTERNATIONAL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE<br><br><br><br>Case No. 02-CV-700 |

    These matters come before the Court on Defendant's five motions in limine.[1]  For the reasons discussed below, four of the motions will be denied and one will be granted in part.

    1)       Motion to Exclude or Limit use of Computer Boards as Exhibits

    Defendant argues under Rule 401, 402 and 403 that because the type and cause of damage to the boards has not been conclusively shown and is an issue before the jury, use of an actual board as an exhibit should be limited, subject to proper foundation, only as illustrative of admissible testimony.  Plaintiff states that use of the boards for anything more than illustrative purposes is unlikely and presentation for any more probative purpose is difficult, if not impossible.

---

[1]Docket Nos. 225, 227, 229, 232 and 234.

The Court will allow Plaintiff to introduce computer boards for illustrative purposes and, if the proper foundation is laid, to be determined in the context of trial, as evidence regarding the condition of the boards at specific times. This motion is denied.

2) Motion to Exclude Charles Hale's Damage Analysis

Defendant argues under Rule 403, 701 and 702 that Mr. Hale lacks the qualifications, expertise and background to testify regarding lost profits. Defendant further states that Mr. Hale is not qualified as an expert under Rule 702, L. Scott Kimber was retained to perform this same type of analysis and Mr. Hale's analysis is simplistic and unreliable. Plaintiff states that because this Court denied Defendant's motions regarding L. Scott Kimber,[2] Mr. Hale's analysis (BCT 001-004) will not be necessary. However, Plaintiff further states Mr. Hale's damage analysis as relied upon by Mr. Kimber should be admitted.

The Court finds that Mr. Hale, as president of BC Technical, is uniquely qualified to testify regarding the profitability of BC Technical. This motion is denied.

3) Motion to Exclude Evidence and Argument Regarding Punitive Damages

Defendant argues under Rule 403 that BC Technical did not assert a claim for punitive damages in their Complaint, nor did they plead the factual predicates for punitive damages, and are therefore barred from seeking a punitive damage award at trial. Plaintiff states that if the evidence at trial shows Defendant's wrongdoing is not limited to failure to perform under the contract, punitive damages are available, regardless of whether a claim was included in the complaint.

The Court notes that Defendant cites no authority for their position that Plaintiff may not

---

[2]Docket No. 240.

assert a claim for punitive damages. The Court will deny this motion at this time, but will decide in the context of trial if the jury is to be instructed as to punitive damages.

    4)    Motion to Exclude the Subcontract Agreement

Defendant argues under Rules 401, 402 and 403 that the subcontract agreement between Ensil Canada and Ensil International is not probative of any material fact and would be prejudicial to Ensil as evidence of outsourcing work to a foreign country. Plaintiff argues that the subcontract agreement is relevant and far outweighs any prejudicial impact.

The Court disagrees with Defendant's position that the subcontract serves no probative value. Further, the Court finds that admission of the subcontract is not highly prejudicial to Defendant. This motion is denied.

    5)    Motion to Exclude Expert Reports

Defendant argues under Rules 403 and 801 that admission of expert reports would be duplicative of expert testimony offered in court and the reports would contain theories, facts and details not covered by testimony and would therefore be inadmissible hearsay. Plaintiff argues that the reports should be admissible for cross-examination and that any exclusion should apply equally to both parties.

The Court agrees that the expert reports in their entirety would not be helpful to the jury. The pertinent information contained therein will be brought out at trial in live testimony and submission of the reports would be duplicative and confusing. However, the reports are admissible for the purpose of objections, cross-examination or impeachment, and the exhibits contained therein are admissible as part of the experts' testimony that will be helpful to the jury. Therefore, this motion is granted in part and denied in part. It is therefore

    ORDERED that Defendant's Motion in Limine to Exclude or Limit use of Computer

Boards as Exhibits (Docket No. 225) is DENIED.  It is further

ORDERED that Defendant's Motion in Limine to Exclude Charles Hale's Damage Analysis (Docket No. 227) is DENIED.  It is further

ORDERED that Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Punitive Damages (Docket No. 232) is DENIED.  It is further

ORDERED that Defendant's Motion in Limine to Exclude the Subcontract Agreement (Docket No. 234) is DENIED.  It is further

ORDERED that Defendant's Motion in Limine to Exclude Expert Reports (Docket No. 230) is GRANTED IN PART AND DENIED IN PART.

DATED   January 17, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge