IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BC TECHNICAL, INC., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> ENSIL INTERNATIONAL CORP., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW <br><br><br><br><br> Case No. 2:02-CV-700 TS |

  This matter comes before the Court on Defendant's Motion for Judgment as a Matter of Law.[1] Defendant asks the Court to enter judgment as a matter of law on Plaintiff's claims for breach of contract and conversion, arguing (1) that Plaintiff has not established Defendant caused it to suffer damages; (2) that the alleged contract is illegal and unenforceable; and (3) that the conversion claim is barred by the economic loss rule. Defendant also asserts that it is entitled to judgment as a matter of law on Plaintiff's claim for punitive damages.

  Based on the evidence presented at trial, the Court is satisfied that Plaintiff has provided a legally sufficient evidentiary basis on which the jury may find in favor of Plaintiff on the breach

---

[1]Docket No. 266.

of contract and conversion claims.  Accordingly, the Court will deny Defendant's Motion with respect to those claims.  In so ruling, the Court will specifically address Defendant's arguments on the economic loss rule below.  Additionally, the Court finds that Plaintiff has not provided sufficient evidence on its claim for punitive damages and will, therefore, grant Defendant's motion with respect thereto.

## I.  RULE 50 STANDARD

"[A]t any time before the case is submitted to the jury" a party may move for judgment as a matter of law by "specify[ing] the judgment sought and the law and facts that entitle the movant to the judgment."[2]  Under Fed. R. Civ. P. 50(a),

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

## II.  DISCUSSION

1.   Damages

Defendant first argues that it is entitled to judgment as a matter of law because Plaintiff has not established that Defendant caused it to suffer damages.  In particular, Defendant argues that Plaintiff has failed to present evidence that the boards were repairable.  Defendant made clear at oral argument that this issue applied only to Plaintiff's conversion claim and withdrew its Motion on this issue as to Plaintiff's breach of contract claim.

---

[2]Fed. R. Civ. P. 50(a)(2).

As an initial matter, the Court disagrees with Defendant's characterization that Plaintiff has failed to present evidence that the boards were repairable. There is evidence before the jury that, before the agreement was entered into, Mr. Frizzell inspected the boards and gave an estimate. This testimony implies that the boards were repairable. Furthermore, evidence was presented to the jury that a number of the boards were actually repaired, both by Plaintiff and by Defendant. Thus, there is sufficient evidence before the jury to conclude that the boards were repairable.

In addition, the establishment of damages is not an essential element to a conversion claim.[3] Thus, Plaintiff need not establish damages in order to prevail on its conversion claim. Therefore, the Court will deny Defendant's Motion on this ground.

2.  Illegality

Defendant next argues that it is entitled to judgment as a matter of law because the agreement is unenforceable as it would require Defendant to engage in illegal conduct. As set forth by the Court previously, the Court will address the issue of illegality by post-trial motion. Therefore, the Court will not grant Defendant judgment as a matter of law on this ground.

3.  Economic Loss Rule

Defendant argues that the economic loss rule bars Plaintiff's claim for conversion because any duties that Defendant had with respect to the circuit boards arose solely from the agreement between theparties, not from any independent duty of care.

"[A] party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care

---

[3] *See* Jury Instruction No. 40.

under tort law."[4]  However, a tort claim based on a duty of care that is independent of a party's contractual duties "does not fall within the scope of the rule."[5]  Under the proper factual circumstances, a claim for conversion may be based on an independent duty of care even though the property allegedly converted was the subject of a contract between the parties.[6]

Assuming that a contract to repair the boards existed, the Court finds that such contract governed any duties of Defendant with respect to the circuit boards until Mr. Hale demanded that Defendant return Plaintiff's circuit boards and prepaid funds.  At that point, the contract for repair no longer governed the relationship of the parties and an independent duty arose requiring Defendant to return the circuit boards to Plaintiff, who at all times retained title thereto.  Whether Defendant was lawfully justified in retaining possession of the boards is a matter properly resolved within the conversion framework.  Thus, the Court finds that Plaintiff's conversion claim is not barred by the economic loss rule and will, therefore, deny Defendant's Motion with respect thereto.

    4.  Punitive Damages

Claims for punitive damages in Utah are governed by Section 78-18-1 of the Utah Code. According to Subsection (1)(a),

> Except as otherwise provided by statute, punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and

---

[4] *Hermansen v. Tasulis*, 448 P.3d 235, 240 (Utah 2002) (quoting *Grynberg v. Agric. Tech, Inc.*, 10 P.3d 1267, 1269 (Colo. 2000)) (emphasis removed).

[5] *Id.* (quoting *Town of Alma v. Azco Constr., Inc.*, 10 P.3d 1256, 1263 (Colo. 2000)) (internal quotation marks omitted).

[6] *See Rhino Fund, LLLP v. Hutchins*, 2008 WL 2522308, at *9  (Col. Ct. App. Jun. 26, 2008) (finding independent duty where conversion claim was "based on acts independent of the contractual breach").

convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.[7]

Where "reasonable minds could not differ in concluding" that the evidence does not meet this standard, "the court should eliminate the issue of punitive damages as a matter of law."[8]  In making this determination, the court "must always have in mind the purpose of such damages:"[9] "punishing and deterring outrageous and malicious conduct which is not likely to be deterred by other means."[10]

The Court finds the evidence presented by Plaintiff does not provide a sufficient basis on which a jury could reasonably conclude by clear and convincing evidence that Defendant's conduct was malicious.  Defendant's conduct is not of the sort that justifies punishment beyond the normal measure of civil damages.  Accordingly, the Court will grant Defendant's Motion with respect to Plaintiff's claim for punitive damages.

### III.  CONCLUSION

As set forth above, it is hereby

ORDERED that Defendant's Motion for Judgment as a Matter of Law [Docket No. 266] is granted in part and denied in part as outlined above.

---

[7] Utah Code Ann. § 78-18-1(1)(a).

[8] *Biswell v. Duncan*, 742 P.2d 80, 87 (Utah Ct. App. 1987).

[9] *Miskin v. Carter*, 761 P.2d 1378, 1380 (Utah 1988).

[10] *Id.* (quoting *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1186 (Utah 1983)).

DATED July 18, 2008.

                                    BY THE COURT:

                                    _____
                                    TED STEWART
                                    United States District Judge