IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BC TECHNICAL, INC.,<br><br>        Plaintiff,<br><br><br><br><br>                vs.<br><br><br>ENSIL INTERNATIONAL CORP.,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br><br><br><br>Case No. 2:02-CV-700 TS |

This matter is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law.  Defendant argues that it is entitled to judgement as a matter of law on Plaintiff's claim for breach of contract because the contract required Defendant to violate the federal Copyright Act.  After carefully reviewing the parties' memoranda and having heard oral argument, the Court will deny Defendant's Motion for the reasons set forth below.

## I.  BACKGROUND

This case was tried before a jury on July 14-18, 2008.  The parties presented evidence and argument on Plaintiff's two causes of action, breach of contract and conversion.  The jury returned a verdict in favor of Plaintiff on both claims and awarded damages in the amount of $159,100.

1

Defendant moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) before the jury began its deliberations, arguing that any contract between the parties that would require Defendant to copy third-party firmware/software in order to fix the boards was illegal and unenforceable.  The Court denied Defendant's Rule 50(a) motion, which Defendant timely renewed under Rule 50(b) after the jury reached its verdict.

The parties agree that the evidence at trial established the following: The parties contracted for the repair of Plaintiff's circuit boards, which consisted of 26 ACP boards and 2 MPU boards.  These circuit boards were manufactured for use in gamma cameras.  At least some of Plaintiff's boards contained malfunctioning integrated circuits—referred to as PROMs (programmable read only memory), PALs (programmable array logic), and GALs (gate array logic).  Fixing Plaintiff's circuit boards pursuant to the contract required Defendant to replace defective PROMS by copying the firmware/software located on a fully-functional PROM of the same type, burning that software onto a new blank PROM, and installing the new PROM in place of a defective one.  The PROM firmware/software was written by the third-party manufacturer of the boards, ADAC/Philips.

Defendant submitted the following evidence at trial in support of its contention that the PROM firmware/software is entitled to copyright protection: (1) ADAC/Philips Technical Field Services manuals pertaining to the circuit boards contained a copyright warning on each page indicating that the information contained therein was proprietary and could not be used or duplicated without written consent; and (2) Mr. Koops, an employee of ADAC/Philips and Defendant's expert, testified that he wrote the firmware/software, that the firmware/software is

copyrighted and proprietary, that the source code contains a statement to this effect,[1] and that

ADAC/Philips does not release the code to others or separately sell programmed chips.[2]

## II.  STANDARD

Under Fed. R. Civ. P. 50(b),

No later than 10 days after the entry of judgment—or if the motion addresses a
jury issue not decided by a verdict, no later than 10 days after the jury was
discharged—the movant may file a renewed motion for judgment as a matter of law
and may include an alternative or joint request for a new trial under Rule 59.
In ruling on the renewed motion, the court may:

(1) allow judgment on the verdict, if the jury returned a verdict;

(2) order a new trial; or

(3) direct the entry of judgment as a matter of law.

"A party is entitled to judgment as a matter of law 'only if the evidence points but one

way and is susceptible to no reasonable inferences which may support the opposing party's

position.'"[3]  "Judgment as a matter of law is only appropriate if, after reviewing all of the

evidence in the record, there is no legally sufficient evidentiary basis for a claim under the

controlling law."[4]

---

[1]Notably, the object code actually found on the PROMs did not contain this statement.

[2]Defendant also submits an affidavit from the in-house legal counsel of Philips, which
was prepared and filed in the case of *Philips Electronics North America Corporation v. BC
Technical*, Civil Case No. 2:08-CV-639 DAK.  This evidence was not submitted at trial and,
therefore, will not be considered for purposes of Defendants' Renewed Motion for Judgment as a
Matter of Law.  Moreover, this evidence would not affect the Court's ruling on this matter in any
event, as demonstrated below in Part III.C.

[3]*Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1269 (10th Cir. 2008) (quoting
*Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000)).

[4]*Id.*

### III.  DISCUSSION

As declared by the Supreme Court of Utah in *Peterson v. Sunrider Corporation*,[5] whether a contract is unenforceable under the illegality defense requires a three-step analysis.[6]  "The court must determine (1) what the terms of the contract are; (2) what the statute prohibits; and (3) whether the statute or public policy demands that the contract be deemed unenforceable."[7]

A.  Terms of the Contract

For purposes of this motion, the parties agree that the contract required Defendant to fix Plaintiff's circuit boards, which included replacing defective PROMs with functioning PROMS onto which Defendant would copy the PROM firmware/software.

B.  Statutory Prohibition

Defendant contends that the performance contemplated under the contract required it to commit criminal copyright infringement under the Copyright Act.[8]

---

[5]48 P.3d 918 (Utah 2002).

[6]*Id.* at 928.

[7]*Id.*

[8]Defendant also contends that the copying required by the contract would violate Utah's criminal theft statute.  Under Utah Code Ann. § 76-6-404, "[a] person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof."  There was no evidence presented at trial that the parties' contract required Defendant to copy the firmware/software with a "purpose to deprive" ADAC/Philips of its copyright.  To the extent unauthorized copying of software could, of itself, satisfy the "purpose" requirement, the theft statute would be preempted by § 301(a) of the Copyright Act.  *See Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993) ("Federal law will preempt a state-created right if that right may be abridged by an act which, in and of itself, would infringe one of the exclusive rights established by federal law.") (quoting *G.S. Rasmussen & Assoc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992)); *see also Ohio v. Perry*, 697 N.E.2d 624, 626 (Ohio 1998) (holding that state criminal statutes were preempted by federal copyright law insofar as they were "based solely upon the unauthorized uploading, downloading, and posting of computer software on a computer bulletin board").

4

The Copyright Act contains both civil and criminal provisions.  "In order to prevail on a [civil] claim of copyright infringement, the plaintiff must show: (1) ownership of a valid copyright, and (2) copying by the defendant of *protected* components of the copyrighted material."[9]  The criminal provision is found in 17 U.S.C. § 506(a):

> Any person who willfully infringes a copyright shall be punished under section 2319 of title 18, if the infringement was committed
>
>> (A) for purposes of commercial advantage or private financial gain;
>
>> (B) by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $1,000; or
>
>> (C) by the distribution of a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public, if such person knew or should have known that the work was intended for commercial distribution.

Criminal infringement is distinguished from civil infringement by the requirement that the acts of infringement be performed "willfully."  The parties have not cited, nor has the Court's research revealed, any Tenth Circuit precedent interpreting the term "willfully" for purposes of criminal copyright infringement.  However, a majority of courts have found that "willfully" is not satisfied by a showing of mere intent to copy, but requires the government to prove that "the defendant specifically intended to violate copyright law."[10]  For example, in *United States v. Moran*,[11] the court held that "'willfully,' when used in 17 U.S.C. § 506(a), means a 'voluntary,

---

[9]*Gates Rubber Co.*, 9 F.3d at 831 (emphasis added).

[10]Min Ae Yu et al., *Intellectual Property Crimes*, 45 Am. Crim. L. Rev. 665, 692 (2008).

[11]757 F. Supp. 1046 (D. Neb. 1991).

intentional violation of a known legal duty.'"[12] In reaching this conclusion, the court examined the damages provisions of the Copyright Act for civil infringement, which allow enhanced statutory damages where infringement is committed "willfully."[13]  Citing a number of cases and a leading copyright treatise, the court concluded that "the term 'willful,' when used in the civil statutory damages statute, has consistently been interpreted to mean that the infringement must be 'with knowledge that the defendant's conduct constitutes copyright infringement.'"[14] The court also compared criminal copyright infringement to other "complex statutory schemes, such as the federal criminal tax statutes," which likewise require a showing of intentional violation of a known legal duty.[15]  Accordingly, the court determined that "willfully" requires proof that the defendant specifically intended to violate copyright law.[16]

Finding this reasoning persuasive, the Court will apply the majority approach, which in this case requires Defendant to prove not only that the contract contemplated Defendant infringing on a valid copyright, but also that Defendant would do so intentionally, with knowledge that its actions would violate copyright law.  The Court finds that Defendant simply did not make this showing at trial.  Therefore, the Court finds that the contract did not violate 17 U.S.C. § 506(a).

---

[12]*Id.* at 1050-51 (quoting *Cheek v. United States*, 498 U.S. 192, 200-02 (1991)).

[13]*Id.* at 1050.

[14]*Id.* (quoting M. Nimmer & D. Nimmer, *Nimmer on Copyright*, § 14.04[B][3] at 14-40.3–14-40.4 (1990)).

[15]*Id.* at 1049.

[16]*Id.* at 1050-51.

At most, the evidence presented by Defendant at trial establishes civil infringement.  Yet, even under the civil provisions of the Copyright Act, the contemplated copying is only infringement if the firmware/software contains material that is actually protected by the Act. "[E]ven if generalized copying is established in the first instance, it will ultimately still be necessary to establish copying of *precisely identified protected elements* of a program before copyright infringement can be established."[17]  Defendant has not made this showing.  At trial, Defendant's evidence on this point consisted entirely of Mr. Koops's testimony that he wrote the firmware/software located on the boot PROMS of MPU boards, that the firmware/software was copyrighted, and that the source code files—but not the object code actually found on the PROMs—contained a copyright warning.  Beyond this, Defendant offered no evidence regarding the contents of the firmware/software.  Of course, it seems highly likely that the firmware/software contains elements that are entitled to copyright protection.  However, without any evidence concerning the substance of the firmware/software, the Court cannot simply assume that it contained protected material.  Consequently, the Court finds that Defendant has not shown that the contract required it to commit civil copyright infringement.

Nonetheless, even assuming Defendant's evidence established that the contemplated copying constituted civil copyright infringement, neither the Copyright Act nor principles of equity require that the contract be held unenforceable in this case.

---

[17] *Gates Rubber Co.*, 9 F.3d at 833 (emphasis added).

C.  Enforceability

Under Utah law, "the fact that a contract serves a prohibited purpose does not necessarily make the contract unenforceable."[18]  An illegal contract will generally be enforced, unless "a statute or public policy demands that the contract be held unenforceable."[19]  To determine whether nonenforcement is demanded by a statute, a court considers "whether the underlying purpose of the statute mandates holding the contract unenforceable, . . . whether the penalties and remedies provided in the statute are intended to be exclusive," and "whether holding the contract unenforceable is to the benefit or detriment of the parties the statute is designed to protect."[20]

Even if the contract in this case required Defendant to commit copyright infringement, the Court finds that such illegality does not render the contract unenforceable.  In 17 U.S.C. § 301, the Copyright Act contains the following express preemption provision:

> (a) On or after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

In § 301, Congress exhibited the express intention that the Copyright Act govern all legal and equitable rights that are equivalent to the exclusive rights afforded copyright holders in their copyrighted works.  Accordingly, all state law claims are expressly preempted by the Copyright

---

[18]*Peterson*, 48 P.3d at 930.

[19]*Id.*

[20]*Id.* at 931 (citing Restatement (Second) of Contracts § 179 cmt. b; 6A Corbin on Contacts §§ 1512-13).

Act insofar as they govern the rights protected thereunder.[21]  The parties have not cited any provision in the Copyright Act that would invalidate a contract which requires a copyright violation.  Accordingly, the Court finds that the penalties and remedies set forth in the Copyright Act, were meant to be exclusive of state remedies governing the same rights, including an illegality defense based thereon.  Arguably, enforcing the contract in this case would encourage similar contracts to the determent of copyright holders in general.  However, this potential detriment may be largely mitigated by vigorous enforcement of the civil remedies available to copyright holders under the Copyright Act.  Indeed, it appears that ADAC/Philips is attempting to do just that by its filing an infringement suit against Plaintiff.[22]  Moreover, as awarding damages to Plaintiff for breach of the contract would not prospectively require Defendant to infringe ADAC/Philip's alleged copyright, enforcing the contract in this case would not be to ADAC/Philip's detriment.  Therefore, the Court finds the Copyright Act does not mandate that the contract be held unenforceable.

Finally, the Court finds that the contract also remains enforceable under the principles of equity.  The parties in this case were of equal sophistication and bargaining power during the formation process.  There is no evidence of coercion or that the contract was not freely entered into by both parties.  The purpose of the contract was to fix Plaintiff's circuit boards, not to violate copyright law. Consequently, equity does not dictate that the Court refuse to enforce the contract, which was found to exist by a duly empaneled jury.

---

[21]*Gates Rubber Co.*, 9 F.3d at 846-48.

[22]*See Philips Electronics North America Corporation v. BC Technical*, Civil Case No. 2:08-CV-639 DAK.

IV.  CONCLUSION

For all of the reasons set forth above, it is hereby

ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law is DENIED. It is further

ORDERED that the Clerk of the Court ENTER JUDGMENT in favor of Plaintiff on the jury's verdict.

DATED September 15, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

10