IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BC TECHNICAL, INC.,<br><br>    Plaintiff,<br><br><br><br><br><br><br>        vs.<br><br><br>ENSIL INTERNATIONAL CORP.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR NEW TRIAL AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br><br><br>Case No. 2:02-CV-700 TS |

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment, filed

September 25, 2008,[1] and Defendant's Motion for Judgment as a Matter of Law and/or New Trial,

filed September 29, 2008.[2]  Plaintiff argues, in its Motion, that it is entitled to prejudgment interest,

in the amount of $101,126.58, on the jury award of $159,100.00.  Defendant argues, in its Motion,

that it is entitled to judgment as a matter of law on Plaintiff's conversion claim because Plaintiff

failed to establish necessary elements of the claim.  Defendant also argues that it is entitled to a new

---

[1]Docket No. 297.

[2]Docket No. 299.

1

trial because it is impossible to determine what portion of the jury award is attributable to the conversion claim, and because the Court's jury instructions were unfairly prejudicial to Defendant. For the reasons set forth below, the Court will deny Plaintiff's Motion and Defendant's Motion.

## I. STANDARDS OF REVIEW

A.    JUDGMENT AS A MATTER OF LAW

Under Fed.R.Civ.P. 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[3]  The United States Supreme Court has left little doubt as to the role of a judge in deciding a motion for judgment as a matter of law.  "In [entertaining a motion for judgment as a matter of law], the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."[4] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."[5]

The Tenth Circuit has made it clear that judgment as a matter of law is to be "cautiously and sparingly granted,"[6] and is only appropriate when there is no way to legally justify a jury verdict. Judgment as a matter of law is appropriate only "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law,"[7] or if "the evidence points but

_____

[3]Fed. R. Civ. P. 50(a)(1).

[4]*Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-555 (1990).

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[6]*Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996).

[7]*Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting Fed. R. Civ. P. 50).

one way and is susceptible to no reasonable inferences which may support the opposing party's position."[8]  "Judgment as a matter of law is improper unless the evidence so overwhelmingly favors the moving party as to permit no other rational conclusion."[9]

A party which has made a motion for judgment as a matter of law under Rule 50(a) prior to a jury verdict may renew that motion under Rule 50(b) after judgment is rendered.  However, a Rule 50 motion "made at the close of evidence preserves for review only those grounds specified at the time, and no others."[10]

B.    NEW TRIAL

Rule 59(a) provides that a new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[11]  The Tenth Circuit has stated that "[a] motion for new trial on the grounds that the jury verdict is against the weight of the evidence . . . involve[s] the discretion of the trial court . . . .  The inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence."[12]

---

[8]*Finley v. United States*, 82 F.3d 966, 968 (10th Cir.1996).

[9]*Shaw v. AAA Eng'g & Drafting*, 213 F.3d 519, 529 (10th Cir. 2000).

[10]*Vandehurst v. Colo. Mountain Coll. Dist.*, 208 F.3d 908, 915 (10th Cir. 2000) (citing *Correa v. Hosp. San Francisco*, 69 F.3d 1184, 1196 (1st Cir. 1995)).  *See also Michael Found., Inc. v. Urantia Found.*, 61 Fed. Appx. 538, 544 (10th Cir. 2003) ("We have consistently held that a movant's renewed motion under Rule 50(b) may not advance new legal arguments; i.e., the renewed motion's scope is restricted to issues developed in the initial motion.").

[11]Fed. R. Civ. P. 59(a).

[12]*Black v. Heib's Enterprises, Inc.*, 805 F.2d 360, 363 (10th Cir. 1986).

3

A party may also obtain a new trial based on trial court errors that were "prejudicial and clearly erroneous, rather than harmless."[13]  "Failure to properly instruct the jury requires a new trial 'if the jury might have based its verdict on the erroneously given instruction.'"[14]  However, "[a]ppellate courts do not impute to a jury the inability to understand correctly the totality of the trial court's instructions, even in complicated case, nor will courts impute nonfeasance, in the form of disregard of the trial court's instructions, to a jury."[15]  "Our concern is to ensure that our review does not leave us with substantial doubt whether the instructions, considered as a whole, properly guided the jury in its deliberations."[16]

C.    AMEND OR ALTER JUDGMENT

A Court may alter or amend its judgment, pursuant to Rule 59(e), when: (1) there has been an intervening change in the controlling law; (2) new evidence previously unavailable has become available; or (3) there is a need to correct clear error or prevent manifest injustice.[17]

## II.  PROCEDURAL HISTORY

This case was tried before a jury on July 14-18, 2008.  The parties presented evidence and argument on Plaintiff's two causes of action, breach of contract and conversion.  Before the jury began its deliberations, Defendant moved for judgment as a matter of law under Federal Rule of

---

[13]*Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp.*, 571 F.2d 1144, 1148 (10th Cir. 1978).

[14]*Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1221 (10th Cir. 2008) (citing *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1242 (10th Cir. 2002)).

[15]*Rasmussen Drilling, Inc.*, 571 F.2d at 1149 (citing *United States v. Smaldone*, 485 F.2d 1333 (10th Cir. 1973) and *Ellis v. State of Okla.*, 430 F.2d 1352 (10th Cir. 1970)).

[16]*Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1123 (10th Cir. 2004).

[17]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Civil Procedure 50(a).  First, Plaintiff argued that Plaintiff had not established that the boards were repairable, which Defendant claimed was the only way the boards would have any value.  Defendant argued that the question of whether the boards were repairable required the presentation of expert testimony, and that Plaintiff had offered no expert testimony on the subject, entitling Defendant to judgment as a matter of law.  Second, Defendant argued that the contract was illegal and therefore unenforceable.  Third, Defendant argued that Plaintiff's conversion claim was barred by the economic loss rule.  Fourth, Defendant argued that it was entitled to judgment as a matter of law on the issue of punitive damages.

The Court granted Defendant's Rule 50(a) motion with regard to punitive damages, but denied the motion with regard to Plaintiff's illegality, economic loss rule, and repairability arguments.[18]  Specifically, with regard to the issue of repairability and its impact on Plaintiff's conversion claim, the Court rejected Defendant's contention that the jury had not been presented with evidence to support damages.  The Court noted that the jury had heard evidence that an employee of Defendant had inspected the boards and had provided a cost estimate for repair.  The Court held that this was evidence of repairability.  Moreover, the Court held that the establishment of damages is not essential to a claim of conversion.

After both parties had presented their cases, the Court presented the jury instructions.  Included in the jury instructions were the following:

> Instruction No. 34: In a trial, parties offer evidence which may relate to fact issues, legal issues, or both.  The jury decides fact issues and the Court resolves legal issues.  During the course of this trial, evidence has been presented concerning the legality of copying software/firmware on PROMS.  This is a legal issue for the Court to decide.  Accordingly, I now instruct you that, in reaching your verdict on Plaintiff's breach of contract claim, you are not to base your decision on a determination of

---

[18]Docket No. 275.

whether such conduct is legal or illegal.  ***You may, however, consider this evidence for all other purposes, including, for example, whether the parties agreed that Defendant would copy software/firmware on PROMS as part of any contract.***[19]

Instruction No. 41: If you find that Plaintiff has proven all of the elements of conversion by a preponderance of the evidence, you should consider the amount of damages, if any, Plaintiff should be awarded for conversion.

The measure of damages in a conversion action is the value of the property at the time of the conversion, ***plus interest***. These damages also include the sum of money necessary to compensate Plaintiff for all actual losses it sustained as a natural and proximate cause of Defendant's wrongful conduct. The proximate cause of a damage is that cause which, in natural and continuous sequence, produces the damage, and without which the result would not have occurred.[20]

The jury returned a verdict in favor of Plaintiff on both claims, and awarded a total of $159,000.00 to Plaintiff.  The verdict form, however, did not indicate the portion of the total award that was attributable to the breach of contract claim or to the conversion claim.  The verdict form also did not indicate what portion of the total award was attributable to interest.

Defendant timely renewed its motion under Rule 50(b) after the jury reached its verdict, but only on the issue of illegality.  The Court denied Defendant's renewed motion.[21]

III.  DISCUSSION

A.    JUDGMENT AS A MATTER OF LAW

Defendant's current Rule 50 motion argues for judgment as a matter of law on its conversion claim based on two grounds.  First, that Plaintiff failed to establish the required elements of a conversion claim because "[t]he evidence at trial established that: (1) [Defendant] had a lawful justification for retaining the boards; (2) [Defendant] did not unqualifiedly refuse to return the boards; (3) to the contrary [Defendant] did offer to return the boards on reasonable terms; and (4)

---

[19]Docket No. 282 at 33 (emphasis added).

[20]*Id.* at 40 (emphasis added).

[21]Docket No. 291.

6

at the time [Plaintiff] filed its lawsuit against [Defendant], [Plaintiff] was not entitled to immediate possession of the boards."[22]   Second, that Plaintiff failed to prove damages because it failed to provide expert testimony regarding the repairability of the boards.  If not repairable, Defendant argues, the boards are worthless and there can be no damages.  Without expert testimony to establish repairability, Defendant argues, any award by the jury on the conversion claim is speculative and, therefore, unlawful.

       1.     *Necessary Elements of a Conversion Claim*

      Plaintiff claims that Defendant's first claim is procedurally barred, in that Defendant did not raise the specific issues in its initial Rule 50(a) motion.  Defendant responds that its initial motion alleged that Plaintiff had failed to prove all the elements of a conversion claim.  The Tenth Circuit has stated that "in satisfying the requirements of Rule 50, technical precision is unnecessary,"[23] and that rigid application of the rule is inappropriate.[24]   Viewed in this light, Defendant's first claim is likely not procedurally barred.  However, the Court need not make a determination on this issue because Defendant has failed to meet the rigorous standards for judgment as a matter of law.  Defendant makes various claims regarding what the evidence supposedly established at trial, but the jury was presented with the evidence, received jury instructions that detailed the elements of a conversion claim, and the jury issued a verdict in favor of Plaintiff.  The jury performed its duties

---

[22]Docket No. 300 at 1-2.

[23]*Anderson v. United Tel. Co. of Kan.*, 933 F.2d 1500, 1503 (10th Cir. 1991).

[24]*Id.*

in determining credibility, weighing the evidence, and drawing inferences, and it would be improper for the Court to ignore and reverse the conclusion arrived at by the jury.[25]

Because the evidence does not overwhelmingly favor Defendant, so as to "permit no other rational conclusion, judgment as a matter of law is improper,"[26] and because there was ample evidence presented to the jury for the jury to find for Plaintiff on the issue of conversion, the Court will deny Defendant's Motion on Defendant's first claim.

       2.    *Damages*

Defendant did raise the issue of damages in his Rule 50(a) Motion, thus preserving the issue for review.  Defendant has modified its arguments slightly from its original Rule 50(a) motion and no longer argues that damages are an essential element of Plaintiff's conversion claim.  Defendant continues to argue that Plaintiff has not proved that the boards were repairable, but now argues that the lack of expert testimony makes an actual award of damages impermissible speculation regarding the value of the boards at the time of conversion.

The Court, in its previous order, held that there was sufficient evidence for the jury to determine that there were damages suffered by Plaintiff.  Specifically, Defendant's own employee inspected the boards and offered an estimate for the cost of repairs, and Plaintiff provided an expert witness who testified that the type of repairs promised were possible.  Defendant claims, however, that this evidence is circumstantial, that the repairability of the boards is the type of specialized knowledge that requires expert testimony, and that the jury is not allowed to base a damages award on circumstantial evidence.

---

[25]*Anderson*, 477 U.S. at 255.

[26]*Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir.1996) (internal citation omitted).

Defendant cites to *Truck Ins. Exchange v. Magnetek, Inc.*[27] and *Harvey By and Through Harvey v. General Motors Corp,*[28] but these case provide little support for Defendant's arguments. In *Truck*, the Tenth Circuit rejected a jury finding as impermissible speculation when the issue of causation could only be proven by reliance on an expert theory that the court had already rejected or by directly contradicting uncontested evidence.[29]  In *Harvey*, the Tenth Circuit rejected a jury finding as impermissible speculation when the expert medical witness testified that he could not ascertain the cause of the plaintiff's injuries with any degree of medical certainty.[30]  Defendant mischaracterizes the holdings of these cases, for the fact to be established in *Truck* was capable of being proved by circumstantial evidence,[31] and the jury in *Harvey* found liability after an expert essentially testified that it was impossible to know a necessary fact with medical certainty. Moreover, in both cases the courts were concerned that the jury findings were inconsistent with the evidence presented.

Defendant has cited no case wherein a question similar to that of repairability requires the presentation of expert evidence.  In fact, on the issue of damages, the Tenth Circuit has stated that "[i]t is the general rule that an owner familiar with property which he occupies and operates in a business may testify concerning its value . . . even though he may not be an expert as to values

---

[27]360 F.3d 1206 (10th Cir. 2004).

[28]873 F.2d 1343 (10th Cir. 1989).

[29]*Truck Ins. Exch.*, 360 F.3d at 1215-16.

[30]*Harvey*, 873 F.2d at 1350.

[31]*Truck Ins. Exch.*, 360 F.3d at 1215.

generally of property of that kind."[32]  Plaintiff presented evidence that Defendant's own employee believed the boards to be repairable, along with expert testimony that the proposed repairs were possible.  Plaintiff also presented testimony from the owner of the boards regarding their value, along with the expert testimony of an economist, who testified as to the lost profits to Plaintiff from the loss of the boards.  Unlike in *Truck* or *Harvey*, the jury finding in this case is perfectly consistent with the evidence presented.  Because there was ample evidence presented to the jury for the jury to find that the boards were repairable, Defendant is not entitled to judgment as a matter of law.  The Court will therefore deny Defendant's motion as to its second claim.

B.    NEW TRIAL

Defendant moves for a new trial based on two independent grounds.  Defendant argues that because it is entitled to judgment as a matter of law on the conversion claim, and because the jury verdict does not differentiate between the two claims, that a new trial is required to determine liability and damages.  As described above, however, Defendant is not entitled to judgment as a matter of law on the conversion claim and a new trial on these grounds is unwarranted.

Defendant also claims that it is entitled to a new trial on its breach of contract claim because of prejudice and jury confusion.  According to the Defendant, the Court effectively eliminated one of Defendant's primary defenses, that it had never agreed to copy the PROMs because doing so would be illegal, through a combination of two decisions.  First, the Court gave Jury Instruction No. 34, which instructed the jury that it was not to consider whether copying the PROMs was actually illegal, but that it could consider the evidence in determining whether or not Defendant agreed to

---

[32]*Telluride Power Co. v. Williams*, 164 F.2d 685, 688 (10th Cir. 1947).  *See also* Restatement (Second) of Torts § 927 cmt. c (the proper measure of property value in an action for conversion "includes market value and value to the owner.").

copy the PROMs.  Second, the Court refused Defendant's request to require the jury to declare a specific finding regarding whether Defendant agreed to copy the PROMs.  According to Defendant, "[g]iving the illegality instruction while refusing to require the jury to answer whether [Defendant] agreed to copy software/firmware communicated to the jury that they should ignore the issue of copying PROMs."[33]

Defendant's claims ignore not only the entirety of the jury instructions, but also the very language of Instruction No. 34.  Instruction No. 34 states that the jury is free to consider the evidence specifically for the purpose of determining whether Defendant ever agreed to copy the PROMs. Moreover, Instruction No. 14 states that formation of a contract was necessary, Instruction No. 15 states that a contract is only formed when the parties "have assented to completely identical terms,"[34] and Instruction No. 17 states that contract terms may be express or implied.  Defendant concedes that Plaintiff has always maintained that the copying of PROMs "was a material term of the contract,"[35] so the jury instructions, taken as a whole, clearly require the jury to consider whether or not Defendant ever agreed to copy PROMs.

The Court should not impute to the jury an inability to understand correctly the totality of the jury instructions, nor nonfeasance in willfully disregarding those instructions.[36]  The jury instructions are an accurate description of the prevailing law at the time the jury received the instructions, and Defendant has not shown that there is "substantial doubt whether the instructions,

---

[33]Docket No. 300 at 10.

[34]Docket No. 282 at 16.

[35]Docket No. 300 at ii.

[36]*Rasmussen Drilling, Inc.*, 571 F.2d at 1149.

considered as a whole, properly guided the jury in its deliberations."[37]  Defendant is therefore not entitled to a new trial based on prejudice and jury confusion, and its Motion for New Trial will be denied.

## C.    PREJUDGMENT INTEREST

Plaintiff argues that they are entitled to prejudgment interest, and accurately represent that under Utah law "the measure of damages in a conversion action is the value of the property at the time of the conversion, plus interest."[38]  Prejudgment interest is awardable "where the damage is complete and the amount of loss is fixed as of a particular time, and that loss can be measured by facts and figures."[39]  Prejudgment interest is denied "when damages would be based on a mere description of the wrongs done."[40]  The statutory rate of prejudgment interest on conversion claims and, in the absence of a contractual term to the contrary, in breach of contract claims, is ten percent.[41]

Defendant argues that prejudgment interest is inappropriate because the amount of interest cannot be calculated with certainty.  Specifically, Defendant argues that: (1) the jury had to use its best judgment as to valuation, which makes prejudgment interest inappropriate;[42] (2) the date of breach and conversion were never the subject of findings of fact by the jury; and (3) the jury was

---

[37]*Hardeman*, 377 F.3d at 1123.

[38]*State v. Corbitt*, 82 P.3d 211, 213 (Utah Ct. App. 2003).

[39]*Iron Head Const., Inc. v. Gurney*, 176 P.3d 453, 455 (Utah Ct. App. 2008) (quoting *Canyon Country Store v. Bracey*, 781 P.2d 414, 422 (Utah 1989)).

[40]*Id.*

[41]*Nielsen v. O'Reilly*, 848 P.2d 664, 669-70 (Utah 1992).  See also Utah Code Ann. § 15-1-1.

[42]*Shoreline Dev., Inc. v. Utah County*, 835 P.2d 207, 211 (Utah Ct. App. 1992).

instructed that the measure of damages for conversion was the value of the property at the time of conversion *plus interest*, so that it must be assumed that part of the jury award already includes prejudgment interest.[43]

Utah law precludes an award of prejudgment interest in so-called "best judgment" cases.[44] A best judgment case is one in which "the jury must determine the loss by using its best judgment as to valuation rather than fixed standards of valuation,"[45] with the key question being whether the loss can be "fixed at a particular time and the amount . . . fixed with accuracy."[46]

Plaintiff argues that Utah law does not follow the "best judgment" standard[47] and directs the Court to *Iron Head Const., Inc. v. Gurney*,[48] where the Utah Court of Appeals stated three standards that match the requirements of the best-judgment standard,[49] but also added that "prejudgment

---

[43]Defendant also argued that Plaintiff's original demand for prejudgment interest included compounding interest, which is not allowed under Utah law.  In its Reply, Plaintiff has conceded this point and reduced their demand accordingly.  Therefore, the issue is no longer before the Court.

[44]*Shoreline Dev.*, 835 P.2d at 211.

[45]*Id.*

[46]*Id.* (quoting *Smith v. Linmar Energy Corp.*, 790 P.2d 1222, 1225 (Utah Ct. App. 1990)).

[47]Docket No. 304 at 5.

[48]176 P.3d 453 (Utah Ct. App. 2008).

[49]*Iron Head Const.*, 176 P.3d at 455 ("prejudgment interest is awardable where the damage is complete and the amount is fixed as of a particular time, and that loss can be measured by facts and figures . . . [and] is properly awarded when the loss had been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages . . . [and] should be awarded when the damages (1) can be calculated with mathematical accuracy; and (2) are complete as of a particular date.") (internal citations omitted).

interest is denied when damages would be based on a mere description of the wrongs done."[50] Plaintiff appeals to this latter language in arguing that Utah courts no longer follow the strict "best judgment" standard. This argument must fail for two reasons. First, the standard advocated by Plaintiff establishes an extraordinarily low threshold for awarding prejudgment interest, in direct contradiction to the more stringent best judgment standard restated by the *Iron Head* Court no less than three times directly previous to and following Plaintiff's preferred standard. Second, the language cited by the *Iron Head* Court comes from *Smith v. Fairfax Realty, Inc.*,[51] wherein the Utah Supreme Court restated that an award of prejudgment interest requires that "the amount of the loss [be] fixed as of a particular time, and that the loss can be measured by facts and figures,"[52] and that "where the damages are incomplete or cannot be calculated with mathematical accuracy, . . . the amount of damages must be ascertained and assessed by the trier of fact at the trial, and in such cases prejudgment interest is not allowed."[53] The *Smith* Court also stated that prejudgment interest is to be denied "in cases where damage amounts are to be determined by the *broad discretion* of the jury."[54]

The language cited by the *Iron Head* Court, and relied upon by Plaintiff, is dicta, a passing reference to the state of the evidence in *Smith*, used to justify an award of prejudgment interest based on an appraisal of the fair market value of a piece of real property. The jury in *Smith* had a date

---

[50]*Id.*

[51]82 P.3d 1064 (Utah 2003)).

[52]*Id.* at 1069 n.5 (quoting *Cornia v. Wilcox*, 898 P.2d 1379, 1387 (Utah 1995)).

[53]*Id.*

[54]*Id.* at 1069.

specific on which an interest in real property was lost to a real estate investment trust, and had been presented with a fair market value appraisal of that lost interest in real property.  Even though there was a dispute as to the value of the property, the jury had an appraisal value, arrived at through generally accepted mathematical formulas, upon which to base its decision.  It is clear that the Utah Supreme Court did not wish to abandon the "best judgment" standard in questions of prejudgment interest with that single passing reference, especially in light of the fact that the *Smith* Court and the *Iron Head* Court both defined the standard in terms equivalent to the "best judgment" standard that prejudgment interest is only appropriate when damages can be fixed at a time certain, and the amount of loss determined with mathematical accuracy.  The Court must therefore determine whether the jury was able to fix the loss as of a time certain and whether the jury could rely on calculations that would give mathematical accuracy to the valuation.

As an example of a case wherein best judgment was required, the Utah Supreme Court refused to allow prejudgment interest in *Cornia v. Wilcox*,[55] where the Utah Court stated that "[w]ithout any clear factual information, plaintiffs' damages could not be measured by facts and figures or calculated with mathematical accuracy."[56]  In that case, the plaintiff's expert testified as to the value of damages, and while that was sufficient to establish damages, the assumptions used by plaintiff's expert in arriving at those valuations need not have been accepted by the jury in arriving at the damages award.  Conflicting testimony regarding the essential facts necessary to

---

[55]898 P.2d 1379 (Utah 1995).

[56]*Id.* at 1387.

establishing damages meant that the jury was required to use their best judgment and that prejudgment interest was therefore inappropriate.[57]

Defendant points to *Canyon Country Store v. Bracey*[58] as an example of a case wherein a determination of lost profits was held by the Utah Supreme Court to require the best judgment of the jury, making prejudgment interest inappropriate.[59]  Defendant overstates the holding in the case, and claims that the Utah Court held that an award of lost profits, in general, makes prejudgment interest inappropriate.  In fact, the Utah Court merely stated that prejudgment interest was inappropriate in *Bracey* because there was insufficient evidence in that case to provide certainty regarding the amount of lost profits.[60]

In the present case, the Court finds that damages are highly speculative, not subject to mathematical accuracy, and that prejudgment interest is therefore inappropriate.  The jury was presented with conflicting evidence on: (1) the date of conversion; (2) the date of breach; and (3) the value of the boards, including the existence and amount of lost profits.  The jury could have come at the damage award from a number of avenues, and the damages award was therefore likely the result of the jury's best judgment, rather than the result of "fixed standards of valuation."[61]  Accordingly, Utah law precludes an award of prejudgment interest.

1.     *Date of Conversion and Breach*

---

[57]*Id.*

[58]781 P.2d 414 (Utah 1989).

[59]*Id.* at 422.

[60]*Id.*

[61]*Shoreline Dev.*, 835 P.2d at 211.

Defendant also correctly points out that the jury did not make any determination regarding the specific date of conversion or breach of contract and argues that without a specific finding of the date of conversion or breach, damages cannot be ascertained "as of a particular time."[62]  It is clear that the Court has the power to assign prejudgment interest,[63] but only if the test for prejudgment interest has been met, and Defendant essentially argues that there are no findings of fact from the jury that would allow the Court to determine the date at which prejudgment interest should begin to accrue.

Plaintiff argues that there was sufficient evidence before the jury to declare May 10, 2002 as the latest date at which conversion and breach of contract would have occurred.  Moreover, Plaintiff also argues that Utah law does allow a Court to award prejudgment interest even when the jury has failed to issue specific findings of fact, citing to *Iron Head Const., Inc. v. Gurney*.[64]  In *Gurney*, the Utah Court of Appeals upheld a trial court finding of date of breach, even though the jury had made no such finding, because the undisputed testimony established the date of a meeting, and that no further action in furtherance of the contract took place after that meeting.  In the present case, however, there was conflicting testimony regarding the actions of the parties after Plaintiff demanded return of the boards.  It is possible that the jury could have determined that Defendant's post-demand actions were attempts to comply with the contract.  If so, May 10, 2002 cannot be conclusively stated to be the date upon which the contract was breached or conversion occurred.

---

[62]*Iron Head*, 176 P.3d at 455.  *See also Saunders v. Sharp*, 793 P.2d 927, 931 (Utah Ct. App. 1990) (holding that the question of when a contract was breached is an issue for the fact-finder).

[63]*See Jorgensen v. John Clay & Co.*, 660 P.2d 229, 230 (Utah 1983).

[64]176 P.3d at 454.

Without a finding of fact from the jury, the disputes surrounding the date of breach make an award of prejudgment interest inappropriate.

      2.     *Value of Damages*

Similarly, an award of prejudgment interest is inappropriate because the evidence presented to the jury on the value of damages would not allow the jury to make a determination with mathematical accuracy.  The jury heard testimony from the owner of the boards as to their fair market value as of May 10, 2002.  However, the jury did not make a finding of fact that it believed the date of conversion to be May 10, 2002, so it is not clear that the jury accepted the testimony regarding the boards' fair market value.  The jury also heard expert testimony regarding lost profits suffered by Plaintiff as a result of Defendant's breach of contract and conversion.  However, Plaintiff's expert witness based his analysis on a 5-month window during which Plaintiff's business was thriving and used speculative assumptions to extrapolate lost profits over a much longer time span.  Plaintiff thus engaged in speculation regarding lost profits similar to that which caused the Utah Court, in *Canyon Country*,[65] to disallow prejudgment interest.  The speculative nature of the evidence before the jury requires that this Court deny Plaintiff's request for prejudgment interest, as well.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Judgment as a Matter of Law and/or New Trial (Docket No. 299) is DENIED.  It is further

---

[65]781 P.2d 414 (Utah 1989).

ORDERED that Plaintiff's Motion to Alter or Amend Judgment (Docket no. 297) is DENIED.

DATED   January 9, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge